**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **ROBERT WATKINS,** | § | |
| | § | **Case No. 1:17-cv-00423** |
| **Plaintiff** | § | |
| | § | |
| **-v-** | § | |
| | § | **COMPLAINT** |
| **UNITED COLLECTION BUREAU, INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## INTRODUCTION

1. Defendant United Collection Bureau, Inc. ("UCB") harassed Plaintiff for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, and Plaintiff had explicitly revoked his consent to receive phone calls on numerous occasions.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because the calls brought on depression, feelings of anxiety and hopelessness, caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with his ability to make and receive phone calls on his cellular telephone.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff Robert Watkins ("Plaintiff") is a natural person who resides in the City of Walker, County of Kent, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the TCPA.

11. Defendant UCB is a corporation with its principal place of business in Maumee Ohio, and conducting business through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Rd., East Lansing MI 48823.

12. Defendant conducts the servicing and collection of student loan obligations.

13. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

14. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

15. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

16. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

**FACTUAL ALLEGATIONS**

18. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

19. Plaintiff's co-signed several student loan obligations for his children who have been unable to repay their obligations.

20. In June 2016 Plaintiff received a telephone call from Defendant and instructed them not to call him any longer.

21. Despite Plaintiff's clear instructions not to contact him, Defendant continued to call his cellular telephone multiple times per day.

22. Defendant continued not only to harass Plaintiff, but also his employer who informed him that if the calls continued, there would be trouble.

23. Despite Plaintiff's explicit instructions to not contact him via telephone, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least one hundred thirty (130) times.

24. These calls were not made for emergency purposes.

25. Defendant placed these calls repeatedly and continuously, often multiple times per day.

26. When Plaintiff would answer phone calls from Defendant he would often hear a beep followed by a pre-recorded/synthesized message. Other times Plaintiff would hear a long pause or "dead air" before a live person would come on the line.

27. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

28. When Plaintiff did speak with a representative, he repeatedly instructed them not to call him any longer.

29. All calls and messages were sent in willful violation of the TCPA as Plaintiff had explicitly revoked his consent to receive such calls, and Defendant had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to his cell phone or to send his prerecorded and/or synthesized messages on his cell phone.

30. Defendant's incessant and obnoxious placement of calls to Plaintiff caused him great frustration and would often bring on headaches, as well as feelings of anxiety and hopelessness. It also interfered with his employment and ability to earn a living.

31. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone, within the last four years prior to filing this complaint were illegal attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Summary*

32. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

33. These autodialed collection calls disrupted Plaintiff's sleep.

34. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

35. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (616) XXX-1657 for which the Plaintiff paid money.

### **TRIAL BY JURY**

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

37. Plaintiff incorporates the foregoing paragraphs by reference.

38. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

39. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

40. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a)  Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b)  Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

c)  An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

| Dated: May 8, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
| --- | --- |